IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIK CANTU, JR. AND § | | |
| EMILY PROULX § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | Civil Action No.: 5:24-CV-00382-XR |
| § | | |
| JAMES BRENNAND AND § | | |
| CITY OF SAN ANTONIO, § | | |
| *Defendants* § | | |

## DEFENDANTS CITY OF SAN ANTONIO'S ORIGINAL ANSWER
## TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE XAVIER RODRIGUEZ:

NOW COMES Defendant City of San Antonio (hereinafter referred to as "Defendant City" or "the City") and files this Original Answer with Affirmative Defenses to Plaintiffs' Original Complaint (hereinafter referred to as "Complaint") following the Court's Ruling on Defendant City's Motion to Dismiss and in support thereof would show the Court as follows:

1.)   Pursuant to Federal Rule of Civil Procedure 8(b), Defendants City denies each and every allegation contained in Plaintiffs' Complaint except those expressly admit to herein and demands strict proof thereof by a preponderance of the credible evidence.

2.)   Defendant City admits only that Plaintiffs were parked at a McDonald's on October 2, 2022, as stated in Paragraph 1 of the Complaint.  The remaining allegations are denied as stated.

3.)   Defendant City cannot admit or deny the allegations related to what Officer Brennand believed at the time, therefore Paragraph 2 is denied.  However, Defendant will admit Officer Brennand fired shots into Cantu's vehicle as the teen tried to escape.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **1** of 15

4.) Defendant City does not have sufficient information about the extent of injuries suffered by Plaintiff Cantu as stated in Paragraph 3 of the Complaint. Defendant City admits only Plaintiff Cantu was hospitalized after the shooting made subject of this lawsuit.

5.) Defendant City denies the allegations as stated in Paragraph 4 of the Complaint except to note that Plaintiff Proulx was in the vehicle at the time of the incident.

6.) Defendant City denies the allegations as stated in Paragraph 5 of the Complaint.

7.) Defendant City does not have sufficient information about the extent of trauma alleged by Plaintiff Cantu therefore Paragraph 6 is denied.

8.) Defendant City does not have sufficient information about the extent of trauma alleged by Plaintiff Proulx therefore Paragraph 7 is denied.

9.) Defendant City denies the allegations as stated in Paragraph 8 of the Complaint.

10.) Defendant City does not have sufficient information to admit or deny the allegation regarding Plaintiff Cantu's residency or citizenship as stated in Paragraph 9 of the Complaint.

11.) Defendant City does not have sufficient information to admit or deny the allegation regarding Plaintiff Proulx residency or citizenship as stated in Paragraph 10 of the Complaint.

12.) Defendant City does not have sufficient information to admit or deny if Defendant Brennand address as stated in Paragraph 11 of the Complaint is still correct. Defendant City admits only that Officer Brennand was employed as a probationary officer for the San Antonio Police Department at the time of the incident made the subject of this lawsuit.

13.) Defendant City admits the allegations as stated in Paragraph 12 of the Complaint.

14.) Defendant City admits SAPD is a department of the City operating under the direction of Chief William McManus, but denies he is the only and final policymaker as stated in Paragraph 13 of the Complaint.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **2** of **15**

15.) Paragraph 14 of Plaintiffs' Complaint is a statement regarding jurisdiction which Defendant City admits is proper. Defendant City denies any and all liability or damages for claims asserted by Plaintiffs.

16.) Paragraph 15 of Plaintiffs' Complaint is a statement regarding supplemental jurisdiction which Defendant City admits is proper. Defendant City denies any and all liability or damages for claims asserted by Plaintiffs.

17.) Defendant City admits to Paragraph 16 of the Complaint.

18.) Defendant City cannot admit or deny the allegations as stated in Paragraph 17 of the Complaint.

19.) Paragraph 18 of Plaintiffs' Complaint is a statement regarding venue which Defendant City admits is proper. Defendant City denies any and all wrongdoing, liability or damages for claims asserted by Plaintiffs.

20.) Defendant City admits Paragraph 19 of the Complaint regarding notice.

21.) Defendant City denies allegations as stated in Paragraph 20 of the Complaint.

22.) Defendant City admits Plaintiffs are attempting to pursue a claim under 42 U.S.C. 1983, however denies any and all wrongdoing, liability or damages for claims as stated in Paragraph 21 of the Complaint.

23.) Defendant City denies allegations as stated in Paragraph 22 of the Complaint.

24.) Defendant City denies the allegations as stated in Paragraph 23 of the Complaint.

25.) Defendant City admits the allegations as stated in Paragraph 24 of the Complaint except the statement that it is undisputed the vehicle belonged to Cantu. Defendant City denies the latter.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **3** of **15**

26.)    Defendant City admits Plaintiff Proulx was sitting as a passenger in the vehicle parked by Cantu at the McDonald's parking lot as stated in Paragraph 25 of the Complaint. Defendant City denies the remaining allegations.

27.)    Defendant City denies the allegations as stated in Paragraph 26 of the Complaint.

28.)    Defendant City only admits that Brennand opened the car door and body camera footage revealed Plaintiff Cantu was eating a burger. Defendant City denies all other allegations as stated in Paragraph 27 of the Complaint.

29.)    Defendant City denies the allegations as stated in Paragraph 28 of the Complaint.

30.)    Defendant City admits Plaintiff Cantu was trying to flee. Defendant City admits Brennand did shoot towards the fleeing vehicle, however it denies all remaining allegations stated in Paragraph 29 of the Complaint.

31.)    Defendant City admits Officer Brennand shot at the fleeing vehicle; however, it denies all remaining allegations as stated in Paragraph 30 of the Complaint.

32.)    Defendant City admits Officer Brennand shot at the fleeing vehicle; however, it denies all remaining allegations as stated in Paragraph 31 of the Complaint.

33.)    Defendant City admits Plaintiff Cantu was struck, handcuffed, and arrested, but it cannot admit or deny the remaining allegations as stated in Paragraph 32 of the Complaint.

34.)    Defendant City denies the allegations as stated in Paragraph 33 of the Complaint.

35.)    Defendant City denies the allegations as stated in Paragraph 34 of the Complaint.

36.)    Defendant City denies the allegations as stated in Paragraph 35 of the Complaint.

37.)    Defendant City admits Plaintiff Cantu was shot but does not have sufficient information to admit or deny the remaining allegations of Paragraph 36 of the Complaint.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **4** of **15**

38.) Defendant City does not have sufficient information to admit or deny the allegations as stated in Paragraph 37 of the Complaint.

39.) Defendant City does not have sufficient information to admit or deny the allegations as stated in Paragraph 38 of the Complaint. Defendant City denies any and all wrongdoing, liability or damages for claims.

40.) Defendant City does not have sufficient information to admit or deny the allegations as stated in Paragraph 39 of the Complaint. Defendant City denies any and all wrongdoing, liability or damages for claims.

41.) Defendant City admits Chief McManus did not believe the shooting adhered to SAPD policies and procedures as stated in Paragraph 40. Defendant City denies the remaining allegations.

42.) Defendant City admits Officer Brennand was fired from SAPD. Defendant City admits Officer Brennand was charged with aggravated assault as stated in Paragraph 41 of the Complaint.

43.) Defendant City admits only that a grand jury indicted Brennand. Defendant City cannot admit or deny the statements made by District Attorney Gonzalez as stated in Paragraph 42.

44.) Defendant City cannot admit or deny the allegations about District Attorney Gonzalez's comments as stated in Paragraph 43 of the Complaint. Defendant City denies all other allegations, denies any and all wrongdoing, and denies liability or damages for claims.

45.) Defendant City denies the allegations as stated in Paragraph 44 of the Complaint.

46.) Defendant City admits the community expects police officers to protect and serve, however denies all other allegations, denies any and all wrongdoing, and denies liability or damages for claims as stated in Paragraph 45 of the Complaint.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **5** of **15**

47.)  Defendant City denies the allegations as stated in Paragraph 46 of the Complaint.

48.)  Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 47 of the Complaint.

49.)  Defendant City denies the allegation as stated in Paragraph 48 of the Complaint.

50.)  Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 49 of the Complaint.

51.)  Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 50 of the Complaint.

52.)  Defendant City denies the allegation as stated in Paragraph 51 of the Complaint.

53.)  Defendant City denies the allegation as stated in Paragraph 52 of the Complaint.

54.)  Defendant City denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 53 of the Complaint.

55.)  Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 54 of the Complaint.

56.)  Defendant City denies the allegation as stated in Paragraph 55 of the Complaint.

57.)  Defendant City denies the allegation as stated in Paragraph 56 of the Complaint.

58.)  Defendant City denies the allegation as stated in Paragraph 57 of the Complaint.

59.)  Defendant City denies the allegation as stated in Paragraph 58 of the Complaint.

60.)  Defendant City denies the allegation as stated in Paragraph 59 of the Complaint.

61.)  Defendant City denies the allegation as stated in Paragraph 60 of the Complaint.

62.)  Defendant City denies the allegation as stated in Paragraph 61 of the Complaint.

63.)  Defendant City denies the allegation as stated in Paragraph 62 of the Complaint.

64.)  Defendant City denies the allegation as stated in Paragraph 63 of the Complaint.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **6** of **15**

65.) Defendant City denies the allegation as stated in Paragraph 64 of the Complaint.

66.) Defendant City denies the allegation as stated in Paragraph 65 of the Complaint.

67.) Defendant City denies the allegation as stated in Paragraph 66 of the Complaint.

68.) Defendant City denies the allegation as stated in Paragraph 67 of the Complaint.

69.) Defendant City denies the allegation as stated in Paragraph 68 of the Complaint.

70.) Defendant City denies the allegation as stated in Paragraph 69 of the Complaint.

71.) Defendant City denies the allegation as stated in Paragraph 70 of the Complaint.

72.) Defendant City denies the allegation as stated in Paragraph 71 of the Complaint.

73.) Defendant City denies the allegation as stated in Paragraph 72 of the Complaint.

74.) Defendant City denies the allegation as stated in Paragraph 73 of the Complaint.

75.) Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 74 of the Complaint.

76.) Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 75 of the Complaint.

77.) Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 76 of the Complaint.

78.) Defendant City denies the allegations as stated in Paragraph 77 of the Complaint.

79.) Defendant City denies the allegations as stated in Paragraph 78 of the Complaint.

80.) Defendant City denies the allegations as stated in Paragraph 79 of the Complaint.

81.) Defendant City denies the allegations as stated in Paragraph 80 of the Complaint.

82.) Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 81 of the Complaint.

83.) Defendant City denies the allegations as stated in Paragraph 82 of the Complaint.

84.) Defendant City denies the allegations as stated in Paragraph 83 of the Complaint.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **7** of **15**

85.) Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 84 of the Complaint.

86.) Defendant City denies the allegations as stated in Paragraph 85of the Complaint.

87.) Defendant City denies the allegations as stated in Paragraph 86 of the Complaint.

88.) Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 87 of the Complaint.

89.) Defendant City incorporates the admissions and denials as stated in all the Paragraphs above.

90.) The allegations in Paragraph 89 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

91.) Defendant City denies the allegations as stated in Paragraph 90 of the Complaint.

92.) The allegations in Paragraph 91 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

93.) The allegations in Paragraph 92 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

94.) The allegations in Paragraph 93 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

95.) The allegations in Paragraph 94 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

96.) The allegations in Paragraph 95 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

97.) Defendant City incorporates the admissions and denials as stated in all the Paragraphs above.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **8** of **15**

98.)  The allegations in Paragraph 97 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

99.)  The allegations in Paragraph 98 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

100.)  The allegations in Paragraph 99 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

101.)  Defendant City incorporates the admissions and denials as stated in all the Paragraphs above.

102.)  The allegations in Paragraph 101 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

103.)  The allegations in Paragraph 102 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

104.)  The allegations in Paragraph 103 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

105.)  The allegations in Paragraph 104 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

106.)  Defendant City incorporates the admissions and denials as stated in all the Paragraphs above.

107.)  Defendant City denies the allegations as stated in Paragraphs 106-107.  Defendant City will add the Court has dismissed failure to train, failure to supervise, failure to control without prejudice.  The Court dismissed deliberate indifference in hiring without prejudice.

108.)  Defendant City incorporates the admissions and denials as stated in all the Paragraphs above.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **9** of **15**

109.)   Defendant City denies the allegations as stated in Paragraphs 109-110.  Defendant City will add the Court has dismissed *respondeat superior* with prejudice.

110.)   Defendant City denies the allegations as stated in Paragraphs 111-112.  Defendant City will add the Court has dismissed negligent hiring, training, retention, supervison, and failure to control with prejudice.

111.)   Defendant City incorporates the admissions and denials as stated in all the Paragraphs above.

112.)   The allegations in Paragraph 114-121 pertain to Officer Brennand, however Defendant City denies the allegations as stated.

113.)   Defendant City incorporates the admissions and denials as stated in all the Paragraphs above.

114.)   Defendant City denies Paragraph 123-124 of the Complaint.

115.)   Defendant City denies the allegations as stated in Paragraphs 125-128.  Defendant City will add the Court has dismissed these claims.

116.)   Defendant City incorporates the admissions and denials as stated in all the Paragraphs above.

117.)   Defendant City denies the allegations as stated in Paragraph 129-130.  Defendant city will add the Court has dismissed these damages with prejudice.

118.)   Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 131 of the Complaint.

119.)   Defendant City admits Plaintiff is entitled to a trial by jury as stated in Paragraph 132 and also requests a jury in this case.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **10** of **15**

120.) Defendant City denies the allegations, denies any and all wrongdoing, and denies liability or damages for claims as alleged in Paragraph 133 of the Complaint.

## DEFENDANT CITY'S AFFIRMATIVE DEFENSES

121.) Defendant asserts that Plaintiffs' Original Complaint fails to state a cause of action against Defendant City upon which relief may be granted. Defendant City specifically pleads that Plaintiffs have failed to demonstrate that (1) a policy, practice, custom or procedure existed; (2) the governmental policymakers actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the alleged violation.

122.) Defendant City asserts contributory negligence and/or proportionate responsibility of Eric Cantu and/or Emily Proulx and would show the court that the proximate cause of the incident made the basis of this lawsuit was the negligent, willful, reckless and/or illegal acts of Eric Cantu and/or Emily Proulx.

123.) To the extent Plaintiffs may allege a cause of action under the laws of the State of Texas, Defendant City pleads that at all material times it acted in the exercise of a governmental function imposed upon it by law, namely: acts having for their purpose, the health, safety and welfare, not only for the urban community but also for the public at large, and therefore, Defendant City is immune from liability under Chapter 101 of the Tex. Civ. Prac. & Rem. Code. Defendant City specifically asserts that it is a home-rule municipality pursuant to its City Charter and the laws of the State of Texas and is therefore entitled to all the rights and privileges associated with its status as a governmental entity.

124.) Defendant City pleads the governmental defenses, immunities and limitations of liability to which it is entitled pursuant to common law and statutory law, including Chapter 101, et seq,

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **11** of **15**

of the Texas Civil Practice & Remedies Code, also known as the Texas Tort Claims Act. Defendant City also pleads all immunity-related defenses available to it under both common and statutory law, including sovereign immunity, immunity from liability, official immunity, qualified immunity, immunity from damages and limitations on claims and awards.

125.) By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendant City would show that, in the unlikely event that Defendant were to be found liable to Plaintiffs, Defendant City is entitled to a reduction in damages, if any, recovered by Plaintiffs as set forth in Section 33.012, et. seq. of the Texas Civil Practice & Remedies Code.

126.) Defendant City asserts that the San Antonio Police Department has proper and constitutional policies and procedures for its police officers regarding the use of force, arrests, and seizures.

127.) Defendant City denies that they were deliberately indifferent in any manner and deny any violation of Plaintiffs' constitutional rights.

128.) Defendant City denies that Plaintiffs are entitled to recover actual damages, exemplary damages, special damages, compensatory damages, costs, or attorney fees.

129.) Defendant City asserts that the City of San Antonio and the San Antonio Police Department properly trains its peace officers in full compliance with the State standards as established by the Texas Commission on Law Enforcement Officer Standards and Education (TCLEOSE).

130.) In the alternative, by way of affirmative defense, Defendant City affirmatively asserts there is no pattern of violations by officers, therefore Plaintiffs fail to state a claim cognizable under 42 U.S.C. 1983.

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **12** of **15**

131.) Defendant City further asserts it is not liable to Plaintiffs because there is no deliberate indifference or pattern of failure to train, failure to supervise, failure to control, failure to discipline or failure to investigate its SAPD officers.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant's pray the Plaintiff's suit be dismissed, the Plaintiff take nothing by his lawsuit and that Defendant be awarded any further relief to which they are justly entitled.

Respectfully Submitted,

CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
International Center
203 S. St. Mary's St., 2nd Floor
San Antonio, Texas  78205

Mailing Address:
P.O. Box 839966
San Antonio, Texas  78283-3966
Phone:     (210) 207-2108
Fax:         (210) 207-4357
elizabeth.guerrero-southard@sanantonio.gov

*/s/ Elizabeth Guerrero-Southard*
ELIZABETH GUERRERO-SOUTHARD
Assistant City Attorney
SBN:  24032376
CASSANDRA CORREA
Assistant City Attorney
SBN:  24093920

Mark Kosanovich
FITZPATRICK & KOSANOVICH, P.C.
SBN:  00788754
P.O. Box 831121
San Antonio, Texas 78283-1121
Email: mark.kosanovich@sanantonio.gov
(210) 408-6793; Telephone
(210) 408-6797; Facsimile

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **13** of **15**

ATTORNEYS FOR DEFENDANT
CITY OF SAN ANTONIO

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on this the **17th** day of **January 2024**:

Paul A. Grinke
Aaron Dekle
BEN CRUMP LAW, PLLC
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494; Telephone
(800) 770-3444; Facsimile
Email: paul@bencrump.com
        aaron@bencrump.com

Robert C. Hilliard
Michael Richardson
Matthew L. McMullen, Esq.
Leslie M. Bearden
HILLIARD LAW
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
(361) 882-1612; Telephone
(361) 882-3015; Facsimile
Email: bobh@hilliard-law.com
        mrichardson@hilliard-law.com
        mmcmullen@hilliard-law.com
        lbearden@hilliard-law.com
        Service@hilliard-law.com

Stephanie M. Almeter
Asher K. Miller
MCCATHERN, PLLC
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
(214) 741-2662; Telephone
(214) 741-4717; Facsimile
Email: salmeter@mccathernlaw.com
        amiller@mccathernlaw.com
**ATTORNEYS FOR PLAINTIFFS**

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **14** of **15**

James Brennand
13127 Winemaker Drive
San Antonio, Texas 78223
(210) 990-5390; Telephone
Email: james.r.brennand@gmail.com
**DEFENDANT PRO SE**

                                                */s/ Elizabeth Guerrero-Southard*
                                                ELIZABETH GUERRERO-SOUTHARD

5:24-CV-00382-XR Erik Cantu, Jr. et al v James Brennand et al
Def City's Answer to Original Complaint
Page **15** of **15**